ENGINEER CO. v. HOTEL ASTOR et al. (Circuit Court of Appeals, Second Circuit. November 20, 1915.) No. 251. Appeal from the District Court of the United States for the Southern District of New York. On petition for rehearing. Denied. For former opinion, see 226 Fed. 949, —— C. C. A. ——. This cause came here before us for argument on May 17, 1915. The suit is the usual one for alleged infringement of patents. The case was fully presented on testimony including prior patents, etc. It was also carefully argued in the District Court and here. The District Court held the patents valid and infringed by defendants' device and this court on June 22, 1915, affirmed that decision. In October, 1915, defendants filed "petition for leave to file a supplemental bill and for a rehearing." The object sought to be obtained is the presentation in the District Court (or in this court) of testimony to show prior uses of certain specified devices, which it is asserted are such as either to negative invention or to require such a construction of the claims of the patents in suit that defendant's device cannot be held to infringe. The usual allegations as to recent discovery of this evidence are made in the petition and supported by affidavits. One of these prior uses is alleged to be the installation of draft-regulating apparatus at Public Service Electric Company, Paterson, N. J.; the other is an installation of furnace regulating apparatus at Lockport, N. Y. This latter installation was made by Cassius C. Peck. Benjamin Phillips and George E. Stebbins, both of Boston, Mass. (Bertram L. Fletcher, of New York City, of counsel), for appellants. Before LACOMBE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. As to the Paterson plant: This was elaborately described in a technical periodical, the Electrical Engineer, in its issue of December 8, 1896. That article indicated that in the Paterson installation there was a rotary blower and an automatic damper regulator. It would seem that any one reading that article who was interested in the questions litigated in this cause might well suppose it would be worth while to investigate the plant to see if the particular combination there installed was helpful to his side of the argument. That investigation could have been as readily made two or three years ago as it can now. As to the Lockport plant: Defendants in argument relied strongly on a British patent, No. 11,033 of 1893, to Cassius C. Peck; his address being given as Ellwanger & Barry Building, Rochester, N. Y. He has ever since resided in Rochester, and is the person who installed the Lockport plant, seeking to avail of his patent as an anticipation of the patents in suit, it would be the natural thing to do to interview him as to any installations of his patented device and as to any modifications of it which might have been introduced in installing and operating it. This could have been done quite as well before the cause was presented to the District Court as it can now. The petition is denied.